**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20071 |
| ) | |
| **VICTORIA L. URSITTI,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

This case is before the court for ruling on the issue of whether the Government's proposed amended Information relates back to the original Information so that the charges against Defendant, Victoria L. Ursitti, are not time-barred.

BACKGROUND

On July 10, 2007, Defendant was charged in a six-page Information (#1) with three counts of negligently violating the Clean Water Act (33 U.S.C. §§ 1251-1387). In Count 1, the Information alleged that Defendant, an environmental compliance official at the University of Illinois at Urbana-Champaign, committed the offense of negligent discharge of waste constituting a hazard. The Information alleged that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8); specifically, Defendant URSITTI negligently aided and abetted a user of the [Urbana & Champaign Sanitary District publicly-owned treatment works (District POTW)] in the contribution of a noxious or malodorous liquid to the District POTW which either singularly or by interaction with other wastewaters was sufficient to create a hazard to life," in violation of 33 U.S.C. § 1319(c)(1)(A) and 18 U.S.C. § 2. In Count 2, the information alleged that Defendant committed the offense of negligent failure to notify of violating discharge. The Information alleged that Defendant "negligently violated and

caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8); specifically, Defendant URSITTI negligently aided and abetted a user of the District POTW in failing to immediately telephone and notify the District of a discharge of compatible or incompatible pollutants which would cause or may have caused a violation of the regulatory requirements of the District Ordinance," in violation of 33 U.S.C. § 1319(c)(1)(A) and 18 U.S.C. § 2. In Count 3, the Information alleged that Defendant committed the offense of negligent discharge of ammonia nitrogen. The Information alleged that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S. C. § 1342(b)(8); specifically, Defendant URSITTI negligently aided and abetted a user of the District POTW in contributing to the District POTW ammonia nitrogen in amounts that caused the District to fail to comply with regulations of the Illinois Environmental Protection Agency," in violation of 33 U.S.C. § 1319(c)(1)(A) and 18 U.S.C. § 2. The Information provided a fairly detailed factual account regarding the manner in which these violations occurred. The Information stated that the offenses occurred on or about July 11, 2002.

On September 12, 2007, Defendant filed a Motion for a Bill of Particulars (#7). Defendant requested a order directing the Government to "identify every individual or entity that the Defendant is alleged to have aided and abetted" as to Counts 1, 2, and 3 of the Information. On October 3, 2007, this court entered an Order (#10) denying Defendant's Motion. In doing so, this court concluded that the six-page Information filed in this case was clearly adequate to apprise Defendant of the charges against her so that she could prepare for trial. This court also noted that the Government had stated that it provided discovery to Defendant and would continue to comply with its obligation to provide discovery.

On November 30, 2007, a status conference was held in this case. The Government stated

that it intended to file an amended Information by December 21, 2007. Defendant was allowed until January 3, 2008, to respond. A further status conference was scheduled for January 11, 2008.

On January 2, 2008, the Government filed a Motion for Extension of Time to File Amended Information (#12). On January 8, 2008, this court entered a text order and granted the Government's Motion (#12). This court allowed the Government until January 11, 2008, to file its amended Information. Defendant was allowed until January 18, 2008, to file any objections to the amended Information.

On January 11, 2008, the Government filed a Motion for Leave to File Amended Information (#13). The Government attached the proposed amended Information to the Motion. The Government stated that, following the filing of the original Information, the Government determined that the words "aided and abetted" which follow the charging sentence in each Count, inaccurately suggest a knowing violation. The Government stated that "[a]ider and abettor liability is not negligence liability," citing <u>United States v. Giovanetti</u>, 919 F.2d 1223, 1228 (7th Cir. 1990) and <u>United States v. Hitachi Am., Ltd.</u>, 172 F.3d 1319, 1337-38 (Fed. Cir. 1999).

The Government requested that this court allow the filing of the proposed amended Information, which removed the references to "aided and abetted," in order to remove any potential confusion as to the charge of negligence, which was repeatedly alleged and referenced in the Information. The Government stated that the proposed amended Information also removed any reference to 18 U.S.C. § 2.[1] The Government argued that the proposed amended Information neither materially broadened nor substantially amended the charges initially brought against Defendant so that it relates back to the original Information for purposes of the statute of limitations.

---

[1] 18 U.S.C. § 2(a) provides that "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

The proposed amended Information alleged, in Count 1, that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8); specifically, Defendant URSITTI negligently caused a user of the District POTW to contribute a noxious or malodorous liquid to the District POTW which either singularly or by interaction with other wastewaters was sufficient to create a hazard to life," in violation of 33 U.S.C. § 1319(c)(1)(A). The proposed amended Information alleged, in Count 2, that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8); specifically, Defendant URSITTI negligently caused a user of the District POTW to fail to immediately telephone and notify the District of a discharge of compatible or incompatible pollutants which would cause or may have caused a violation of the regulatory requirements of the District Ordinance," in violation of 33 U.S.C. § 1319(c)(1)(A). The proposed amended Information alleged, in Count 3, that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8); specifically, Defendant URSITTI negligently caused a user of the District POTW to contribute to the District POTW ammonia nitrogen in amounts that caused the District to fail to comply with regulations of the Illinois Environmental Protection Agency," in violation of 33 U.S.C. § 1319(c)(1)(A).

On January 11, 2008, a status conference was held in this case. This court granted the Government's Motion to File Amended Information (#13) and set this matter for a further status conference on February 4, 2008.

On January 18, 2008, Defendant filed a document entitled Defendant's Response to the Government's Motion to File Amended Information and Motion to Dismiss (#14). Defendant first noted that the original Information in this case was filed "literally hours before the running of the

Statute of Limitations." Defendant further stated that, in effect, the proposed amended Information "seeks to change the charge from 'negligently aiding and abetting' to 'negligently causing.'" Defendant argued that a party <u>cannot</u> negligently aid and abet a merely negligent violation of a statute, citing <u>Hitachi Am., Ltd.</u>, 172 F.3d at 1337. Defendant therefore argued that, because there is no such crime as negligently aiding and abetting a negligent violation of a statute, the original Information filed by the Government did not state an offense and was "a nullity." Defendant also argued that the proposed amendment substantially lessened the burden on the Government to prevail. Defendant contended that, for these reasons, it would be prejudicial and unfair to permit the Government to amend the Information and permit it to relate back to the original filing date.

The Government filed a Motion for Leave to File Reply to Defendant's Response and Motion to Dismiss (#15). This court granted the Government's Motion on January 22, 2008. On January 24, 2008, the Government filed its Reply (#16). The Government argued the "aided and abetted" phrase in the original Information was mere surplusage, unnecessary and of no fatal consequence to the charged offense. The Government contended that the charging allegation of each count of the original Information provided that, on or about July 11, 2002, Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8)," in violation of 33 U.S.C. § 1319(c)(1)(A). The Government argued that, apart from any subsequent and unnecessary surplusage, that allegation clearly sets forth a negligence offense. The Government contended that the effect of the amended Information is merely to strike the surplusage from the original Information and proceed on the charging sentence of that Information. The Government therefore argued that the amended Information relates back to the original Information.

ANALYSIS

Rule 7(e) of the Federal Rules of Criminal Procedure provides, "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." Fed. R. Crim. P. 7(e). The Seventh Circuit has held that a superseding indictment that replaces a still-pending original indictment relates back to the original indictment's filing date "so long as it neither materially broadens nor substantially amends the charges initially brought against the defendant." United States v. Daniels, 387 F.3d 636, 642 (7th Cir. 2004). Where defendants are "on notice of the charges pending against them because the initial indictment informed [them] in no uncertain terms that they would have to account for essentially the same conduct with which they were ultimately charged in the superceding indictment," there is no violation of the statute of limitations. Daniels, 387 F.3d at 642, quoting United States v. Pearson, 340 F.3d 459, 465 (7th Cir. 2003). The Government contends, and this court agrees, that the same "relation back" standard applies to an amended information.

Defendant has not argued that she was not put on notice of the charges pending against her. Instead, Defendant argues that the original Information failed to state an offense and was "a nullity" so that the amended Information cannot relate back to the original Information. Therefore, Defendant contends that the amended Information was filed six months after the Statute of Limitations ran and must be dismissed with prejudice.

The Clean Water Act provides that any person who "negligently violates" the Act is guilty of a misdemeanor. 33 U.S.C. § 1319(c)(1)(A). A misdemeanor offense may be charged by information rather than indictment. Fed. R. Crim. P. 58(b)(1). There is a five-year statute of limitations for criminal offenses, which is applicable to the offenses charged in this case. See 18 U.S.C. § 3282(a).

An indictment or information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). An indictment (or information) is "sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." United States v. Ramsey, 406 F.3d 426, 429-30 (7th Cir. 2005). Thus, an "indictment [or information] must include all of the essential elements of the crimes alleged therein, and each basis for conviction must be 'clearly set out in the indictment.'" United States v. Palumbo Bros. Inc., 145 F.3d 850, 860 (7th Cir. 1998), quoting United States v. Miller, 471 U.S. 130, 136 (1985). In reviewing the sufficiency of an indictment, a court should consider each "challenged count as a whole and should refrain from reading it in a hypertechnical manner." Palumbo Bros., Inc., 145 F.3d at 860.

This court agrees with the Government that the original Information was sufficient to charge Defendant with committing misdemeanor offenses. The original Information alleged, in Counts 1, 2, and 3, that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8)," in violation of 33 U.S.C. § 1319(c)(1). The original Information also alleged a fairly detailed factual account of how the violations alleged in all three Counts occurred. This court agrees with the Government that these allegations set forth a negligence offense in each Count of the original Information. This court therefore also agrees with the Government that the inclusion of language that Defendant "aided and abetted" was not required to charge the offenses and can be considered "mere surplusage." The Seventh Circuit has stated that "language contained in an indictment that goes beyond alleging the elements of the offense is mere surplusage, and the government does not have to prove this

7

surplusage at trial." United States v. LaBudda, 882 F.2d 244, 249 (7th Cir. 1989), citing United States v. Greene, 497 F.2d 1068, 1086 (7th Cir. 1974). Therefore, this court concludes that the inclusion of this "mere surplusage" in the original Information did not affect the sufficiency of the Information to charge an offense. Accordingly, the Information can be amended to remove this language without prejudicing Defendant. This court also concludes that the original Information's citation to 18 U.S.C. § 2 does not affect the sufficiency of the original Information. Rule 7(c)(3) of the Federal Rules of Criminal Procedure provides that "neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Fed. R. Crim. P. 7(c)(3).

This court therefore concludes that, contrary to Defendant's argument, the amended Information does not charge a different offense from the original Information. The amended Information alleges no new facts and realleges the identical allegation that Defendant "negligently violated and caused to be violated a requirement imposed in a pretreatment program approved under 33 U.S.C. § 1342(b)(8)," in violation of 33 U.S.C. § 1319(c)(1)(A). See United States v. Stone, 954 F.2d 1187, 1191-92 (6th Cir. 1992) (court rejected the defendant's argument that his due process rights were violated when the government charged him with an additional offense in an amended information without providing adequate notice; court found it significant that the amended information alleged no new facts and concluded that the defendant was neither charged with an additional nor a different offense).

Thus, because the original Information adequately charged a negligence offense, it follows that the amended Information, which charges the same offense, is appropriate and relates back to the original Information. This court agrees with the Government that the amended Information does not materially broaden or substantially amend the charges against Defendant. See Daniels, 387 F.3d

at 642; <u>Pearson</u>, 340 F.3d at 464.  Because there is no question that Defendant was on notice that she was being charged with negligently violating the Clean Water Act, this court concludes that Defendant has not shown that she has suffered any prejudice based upon the amended Information. <u>See</u> <u>United States v. Pitt-Des Moines, Inc.</u>, 168 F.3d 976, 986 (7th Cir.1999); <u>United States v. Mankarious</u>, 151 F.3d 694, 701 (7th Cir. 1998).  The amended Information therefore relates back to the filing date of the original Information.

    IT IS THEREFORE ORDERED THAT:

    (1) The Motion to Dismiss included in Defendant's Response (#14) is DENIED.

    (2)  The clerk is directed to file the amended Information attached to the Government's Motion for Leave to File Amended Information (#13).

    (3) This case remains scheduled for a telephone status conference on February 4, 2008, at 11:45 a.m.

    ENTERED this 4th day of February, 2008

    s/MICHAEL P. McCUSKEY
    CHIEF U.S. DISTRICT JUDGE